UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JEFFREY PRATER #259314,

        Petitioner,

                                        File No.  2:08-CV-39

v.

                                        HON. ROBERT HOLMES BELL

JOHN RUBITSCHUN, et al.,

        Respondent.
                                    /

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

       This matter is before the Court for *de novo* review of Petitioner's objections to the report and recommendation ("R&R") of Magistrate Judge Timothy P. Greeley.  (Dkt. No. 2, R&R; Dkt. No. 3, Pet'r's Objections.)  Proceeding under Rule 4 of the Rules Governing Section 2254 Cases, the Magistrate Judge concluded that Petitioner's challenge to the denial of parole by the Michigan Parole Board in December 2006 should be summarily dismissed because Petitioner has not stated a valid habeas corpus claim for violation of his Fourteenth Amendment due process rights.

       On *de novo* review, the Court concurs with the conclusion of the Magistrate Judge that Petitioner has no procedural due process claim because Michigan prisoners do not have a protected liberty interest in being released on parole.  *See Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994).  Against the overwhelming binding and persuasive authority cited by the

Magistrate Judge that Michigan law does not create a liberty interest in the granting of parole, Petitioner's objections are not persuasive.

Petitioner objects that the Magistrate Judge cited unpublished opinions of the Court of Appeals; however, the Magistrate Judge is not required to cite only published opinions or provide copies of unpublished opinions to Petitioner.  In any event, Petitioner is unable to cite any relevant opinions that are inconsistent with the holding of *Sweeton* with respect to Michigan law.  Petitioner's reliance upon *Scholtz v. Michigan Parole Board*, 585 N.W.2d 352 (Mich. App. 1998) is misplaced, as it was decided when prisoners had a right to appeal decisions of the parole board, a right that has since been repealed.  *See Fenner v. Parole Bd.*, No. 257869, 2006 WL 707727 at *3 (Mich. App. Mar. 21, 2006) (unpublished) (abrogating the decision in *Scholtz*).  Moreover, even though Michigan law provides that a departure from the parole guidelines must be for "substantial and compelling reasons," Mich. Comp. Laws § 791.233e(6) (West 2008), this does not create a protected liberty interest in parole because "the ultimate authority to grant parole still lies within the discretion of the [parole board]." *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003) (unpublished).

Petitioner also argues that the parole board violated Mich. Comp. Laws § 791.235(4) because the notice of intent to conduct an interview did not "state the specific issues and concerns . . . that may be a basis for denial of parole." *Id.*  However, federal habeas corpus relief is unavailable for violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68

(1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Having reviewed the objections to the Report and Recommendation of the Magistrate Judge under a *de novo* standard, the Court concludes that Petitioner's habeas corpus petition fails to state a valid habeas corpus claim. Accordingly,

**IT IS HEREBY ORDERED** that the March 5, 2008, Report and Recommendation of the Magistrate Judge (Dkt. No. 2) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's objections to the R&R (Dkt. No. 3) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for habeas corpus (Dkt. No. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **DENIED**.


Dated: September 30, 2008                /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE